H. Elizabeth KELLEY, Plaintiff,

v.

Charles W. BOAND, et al., Defendants.

No. 86 C 1644.

United States District Court,
N.D. Illinois, E.D.

Jan. 14, 1987.

H. Elizabeth Kelley, Oak Forest, Ill., pro se.

John A. McDonald, Carla J. Rozycki, Keck, Mahin & Cate, Allen S. Gerrard, Gerrard & Gerrard, William J. Harte, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This court grants defendants' motion for summary judgment in their favor upon Count VII of plaintiff's Amended Complaint. All defendants join in this motion except John Lien.

Count VII alleges that Wilson & McIlvaine ("W & M") retaliated against plaintiff by informing Lawrence, Kamin, Saunders & Uhlenhop ("second law firm") of the fact that plaintiff had filed discrimination charges against W & M with the EEOC. As a result, the second law firm rescinded its employment offer to plaintiff.

Defendants argue that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Defendants contend that plaintiff's retaliation theory is unsupportable because there were no conversations or communications of any kind between W & M and any person associated with the second law firm prior to the second firm's act of rescinding the employment offer. In support of their position, defendants submitted an affidavit from every member of the second law firm. All eight affiants testified that they had no conversations or communications of any kind with any person at W & M regarding plaintiff prior to the second firm's act of rescinding plaintiff's employment offer.

Plaintiff attempts to establish a genuine issue of material fact. Plaintiff argues that the question of the affiants' credibility must be submitted to the trier of fact because the affiants are interested parties and the affiants' testimony has been impeached by false statements contained in the affidavits.

This court finds plaintiff's arguments unpersuasive. First, the affiants are not interested parties since they are not named as defendants in this complaint. Second, the affiants' testimony has not been impeached. Plaintiff does not argue that the affiants inaccurately stated the EEOC filing date. Instead, plaintiff believes affiants' testimony is inaccurate because affiants stated that the EEOC filing was untimely. A determination of timeliness requires an application of the law to the filing date. An affiant's assertion that plaintiff's EEOC charge was untimely filed is a statement of law and not a statement of fact. An affiant's credibility cannot be impeached by an alleged misstatement of law. In addition, the timeliness of plaintiff's EEOC filing is not a material issue of Count VII's claim.

A party resisting a summary judgment motion may not rest upon unsupported allegations when the movant supports his motion by affidavits. *First Commodity Traders, Inc. v. Heinhold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir.1985). Rather, a resisting party must set forth facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). If the adverse party plaintiff does not so respond, summary judgment must be entered against plaintiff. *Id.*

Rule 56(e) recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary. The party resisting summary judgment must produce evidence tending to support his position; he must bring to the trial court's attention some affirmative indication that his version of relevant events is not fanciful. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2nd Cir.1980). An opposing party plaintiff must show that he has plausible grounds for maintaining the cause of action alleged in the complaint. If the movant's evidence tends to show that the opposing party's claim is baseless, then the opposing party must adduce certain factual material. This material must present countervailing evidence or raise a substantial question as to the veracity or completeness of the movant's showing. *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289 (8th Cir.1975).

This court holds that plaintiff failed to set forth facts demonstrating a genuine issue of fact for trial on Count VII. Plaintiff has completely failed to establish any factual basis for her allegations of retaliation. Plaintiff has not adduced any evidence that Wilson & McIlvaine communicated with the second law firm, favorably or unfavorably, within the relevant time period. Plaintiff cannot defeat defendants' motion for summary judgment, which is accompanied by sworn affidavits, by rely-

ing on mere unsupported allegations. Plaintiff must refute those affidavits with specific facts based upon sworn personal knowledge. Fed.R.Civ.P. 56(e).

Plaintiff failed to depose members of either law firm in question. Although plaintiff implicitly suggests that these lawyers would be unwilling to cooperate because of their participation in the alleged Title VII violation, there is no evidence to that effect. Moreover, plaintiff could have subpoenaed these attorneys and taken their depositions. Plaintiff could have questioned the attorneys about alleged interfirm communications while the attorneys were under oath. Plaintiff neglected to so act. Plaintiff also failed to initiate interrogatories regarding interfirm communications.

■ Plaintiff submits her own affidavit in a desparate attempt to establish a question of fact. Plaintiff swears that she was "personally unaware of any change in the circumstances surrounding [her] interviews with and offer of employment from" the second law firm between the employment offer date and the rescinding of that offer. Plaintiff offers no basis for an inference that W & M notified the second law firm that plaintiff filed an EEOC charge against W & M. This inference simply cannot be drawn without plaintiff offering some evidence to rebut the affiants' sworn denials of any interfirm communication. This court is not required to accept every conceivable inference which can be drawn from evidentiary matter, but only reasonable ones. The withdrawal of an employment offer by itself fails to support plaintiff's contention that W & M communicated with the second law firm when such communication has been specifically denied under oath.

It is apparent from the foregoing discussion that plaintiff has failed to present a factual basis to support her allegations. Consequently, plaintiff failed to raise a material issue of fact in light of defendants' presentation of sworn affidavits. The salutary purposes of summary judgment—avoiding protracted, expensive, harassing,

and unnecessary trials—would be satisfied by resolving this motion on summary judgment. Accordingly, this court grants defendants' motion for summary judgment on Count VII in their favor.

IT IS SO ORDERED.